IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHFIN SMITH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 12-CV-68 |
| | : | |
| COMM. MONTGOMERY COUNTY, K.M. VALENTINE, ET AL | : | |
| Respondents. | : | |

DuBOIS, J.                                                             March 5, 2012

## MEMORANDUM

### I.  INTRODUCTION

On January 6, 2012, petitioner filed a document entitled "Emergency Writ/Removal from County to Fed. Court" on a form entitled "Subpoena to Testify at a Hearing or Trial in a Criminal Case." Attached to that document were several documents, one of which was entitled "Notice/claim of man's injury to his person, property warranting Great writ," and made reference to "Organic law and '"Great Writ' of Habeas Corpus.'" Because petitioner fails to state any basis for federal removal jurisdiction, the Court denies his Emergency Writ and dismisses the habeas corpus petition.

### II.  DISCUSSION:

#### A.  Removal

It appears from the papers submitted by petitioner that he was arrested in Lower Merion Township for driving with a suspended license in September of 2011. He pled guilty in the Court of Common Pleas of Montgomery County, and he is presently confined and awaiting sentencing. In his request for removal, petitioner claims that his arrest was unlawful. He does not provide statutory or any other authority for removal.

28 U.S.C. § 1443 provides for removal of state criminal and civil actions, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held that:

> a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality....Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Petitioner has not alleged anywhere in his petition that the state court criminal case which he seeks to remove involves issues of racial inequality, or that his federal rights were denied, or cannot be enforced, in state Court. *See, State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). For those reasons, petitioner's criminal case cannot be removed to this Court.

### B.   Habeas Corpus Petition

Petitioner's purported habeas corpus petition is dismissed for a number of reasons, the most important of which is that it makes absolutely no sense and cannot be construed as a document asserting a cognizable claim for habeas corpus relief. For that reason, the Court need not address any other issues raised by the so-called petition for writ of habeas corpus, including the fact that it was not filed on the forms specified by Local Civil Rule 9.3(b) and Rule 2 of the Rules governing § 2254 case.

## III.     CONCLUSION

For the foregoing reasons, the "Emergency Writ/Removal from County to Fed. Court" is denied, and the petition for writ of habeas corpus is dismissed.

An appropriate Order follows: